NOT DESIGNATED FOR PUBLICATION

Nos. 120,834
120,835
120,836

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACOB A. HICKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 3, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE and GARDNER, JJ.

PER CURIAM:  In these three consolidated cases, Jacob A. Hicks seeks to vacate his sentences and to reverse the district court's decision to impose his full sentences following the revocation of his probation. For the reasons set forth in this opinion, we find Hicks' arguments to be unpersuasive. Thus, we affirm his sentences in each of the three cases as well as the district court's decision not to modify his underlying sentences after his probation was revoked.

1

Hicks pled guilty—and was convicted—of all counts charged in the criminal complaints filed in each of the criminal cases consolidated in this appeal. Specifically, he entered the following guilty pleas:

- In 16 CR 2979, Hicks pled guilty to one count of vehicle burglary (a level 9 nonperson felony) and one count of misdemeanor theft;
- In 16 CR 3187, Hicks pled guilty to one count of vehicle burglary (a level 9 nonperson felony), one count of misdemeanor theft, and three counts of misdemeanor criminal use of a financial card; and
- In 17 CR 1639, Hicks pled guilty to seven counts of making a false information (level 8 nonperson felonies).

Before sentencing, presentence investigation reports (PSIs) were prepared in each of the three cases showing Hicks' criminal history score to be E. The PSIs showed a prior 2004 Kansas conviction for burglary of a dwelling in violation of K.S.A. 21-3715, which was scored as a nonperson felony. However, at the sentencing hearing, the district court and the parties agreed that Hicks' prior 2004 conviction for burglary of a dwelling should have been scored as a person felony. Making that amendment, the district court found Hicks' criminal history to be C and sentenced him on that basis.

In sentencing Hicks, the district court followed the plea agreements and imposed consecutive aggravated gridbox sentences based on a criminal history score of C for each felony offense. The sentences in the three cases were also run consecutively. The district court imposed sentences of 13 months in 16 CR 2979, 13 months in 16 CR 3187, and 38 months in 17 CR 1639, for a total of 64 months' imprisonment. The district court also granted Hicks' motion for a dispositional departure to avoid a special rule in 16 CR 2979

and 16 CR 3187. Then, the district court suspended the sentences and placed Hicks on probation for a period of 18 months.

On December 11, 2017, Hicks admitted to violating his probation by submitting a urine sample that tested positive for alcohol consumption and a two-day sanction was imposed by his intensive supervision officer. The next month, Hicks admitted to violating the terms of his probation by submitting a diluted urine sample, failing to attend drug/alcohol treatment, failing to submit to a urinalysis test as directed, possessing casino cards, and having a bag—apparently containing urine—taped to himself. As a result, the district court imposed a 120-day sanction with the Kansas Department of Corrections and extended his probation for 18 months.

On September 21, 2018, the State asserted 13 additional probation violations against Hicks: (1) failing to report; (2) violating curfew; (3) being absent from drug and alcohol treatment for a period of three weeks; (4) using methamphetamine; (5) being within the presence of illegal substances; (6) losing his job after working for a day and a half and then failing to show up; (7) providing a fraudulent paycheck to his probation officer; (8) failing to notify his probation officer of a change in employment status; (9) lying to his probation officer about being employed; (10) committing new computer crimes; (11) committing the crime of forgery; (12) leaving the state of Kansas without permission; and (13) showing up for an office visit but then leaving the building before he was seen by his probation officer. At his revocation hearing, Hicks stipulated to the alleged technical violations and did not contest the State's evidence that he had committed new offenses.

The State recommended that Hicks' probation be revoked and the underlying sentences imposed. In response, Hicks asked the district court to impose a jail sanction and then extend his probation with inpatient substance abuse treatment. In personally addressing the district court, Hicks admitted that his struggles with drug abuse had

prevented him from complying with the terms of his probation. He asked for an opportunity to complete inpatient treatment and stressed his willingness to wait in the jail until an inpatient bed became available.

After considering the arguments presented, the district court expressed concern for Hicks' pattern of deceit and his commission of new crimes. The district court also noted that Hicks already had the opportunity of a 2-day sanction and a 120-day sanction but continued to violate the terms of his probation. Given this history, the district court revoked Hicks' probation, denied his request for a modification of his sentence, and imposed the full underlying sentence. The district court later allowed Hicks to file a late notice of appeal in each case, and this court consolidated the cases on appeal.

ANALYSIS

*Criminal History Score*

On appeal, Hicks first contends that his criminal history score should have been E rather than C when he was initially sentenced. Hicks argues that under *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015), the district court had to classify his prior burglary as a nonperson felony because at the time that he committed his current offenses—in 2016 and 2017—burglary was a nonperson felony. In response, the State points to K.S.A. 2016 Supp. 21-6811(d)(1), in which the Kansas Legislature specifically provided that prior adult burglary convictions would continue to be classified as a person felony if the conviction was classified as a burglary under K.S.A. 21-3715(a) prior to its repeal.

Whether a district court has properly classified a prior conviction as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq. Under K.S.A. 2019 Supp. 22-3504(a), courts may correct an illegal sentence at any time while the defendant is serving the

sentence. Whether a sentence is illegal is a question of law subject to unlimited review. Similarly, issues of statutory interpretation and the classification of prior crimes for criminal history purposes are also questions of law subject to unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

A defendant's criminal history includes an offender's criminal record of adult felony convictions, juvenile adjudications, and misdemeanors as provided in K.S.A. 2019 Supp. 21-6810. When calculating a defendant's criminal history score, a district court lists the defendant's prior convictions and classifies each conviction as a felony or a misdemeanor conviction and as a person or nonperson offense. K.S.A. 2019 Supp. 21-6810. For post-KSGA convictions in Kansas, person and nonperson offense classifications are included in the Kansas criminal statutes. *Keel*, 302 Kan. at 574-75.

When a district court improperly classifies a prior conviction for purpose of determining a defendant's criminal history score, an illegal sentence results. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) (*Dickey I*). Even if a party agrees to an incorrect criminal history score, this court may correct the resulting illegal sentence at any time. *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018). A criminal defendant cannot stipulate to an illegal sentence. *State v. Hankins*, 304 Kan. 226, Syl. ¶ 3, 372 P.3d 1124 (2016). Under K.S.A. 2019 Supp. 22-3504(a), an illegal sentence may be corrected at any time while a defendant is serving that sentence. This includes challenging a criminal history score for the first time on appeal following the revocation of a defendant's probation. *State v. Dickey*, 305 Kan. 217, 219, 380 P.3d 230 (2016) (*Dickey II*). Further, K.S.A. 2019 Supp. 21-6820(e)(3) provides that an appellate court may review any claim that "the sentencing court erred . . . in determining the appropriate classification of a prior conviction . . . for criminal history purposes."

At the time of Hick's sentencing, the parties agreed that his 2004 conviction for burglary of a dwelling should be classified as a person felony. Based on that agreement,

the district court amended Hicks' criminal history score from E to C. A review of the record confirms that Hicks was convicted of burglary of a dwelling in 2004 in violation of K.S.A. 21-3715(a), which was a person felony. Subsequently, K.S.A. 21-3715(a) was repealed and recodified in K.S.A. 2011 Supp. 21-5807(a)(1).

Since the Legislature added the person and nonperson designations to criminal offenses in 2003, burglary of a dwelling has almost always been classified as a person offense. However, we recognize that for a short time spanning less than a year—from July 1, 2016, until May 18, 2017—our Legislature classified residential burglary as a nonperson crime. Compare K.S.A. 2016 Supp. 21-5807(c)(1)(A)(i) with K.S.A. 2017 Supp. 21-5807(c)(1)(A)(i). Even so, during that time period, K.S.A. 2016 Supp. 21-6811(d)(1) directed courts to classify prior convictions for burglary of a dwelling as person felonies.

Under K.S.A. 2016 Supp. 21-6811(d)(1), our Legislature specifically provided:

"Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:

"(1) As a prior person felony if the prior conviction or adjudication was classified as a burglary as defined in K.S.A. 21-3715(a), prior to its repeal, or K.S.A. 2015 Supp. 21-5807(a)(1, and amendments thereto."

At the time of Hicks' current crimes of convictions in 16 CR 2979, 16 CR 3187, and 17 CR 1639, burglary of a dwelling appears to have been classified as a nonperson felony. See K.S.A. 2016 Supp. 21-5807(c)(1)(A)(1). Moreover, all of Hicks' current offenses were committed while K.S.A. 2016 Supp. 21-5807 was the controlling burglary statute. So relying on *Keel*, Hicks argues that the district court should have designated his prior 2004 burglary of a dwelling conviction as a nonperson felony because at the time he committed his offenses in the current cases, burglary of a dwelling was classified as a nonperson felony. 302 Kan. at 590.

6

In *Keel*, the defendant argued the district court had erred by classifying his pre-KSGA attempted aggravated robbery and aggravated robbery convictions as person felonies because prior to July 1, 1993, Kansas offenses had not been designated as person or nonperson offenses. The offense designations began when the KSGA went into effect on July 1, 1993. Although the KSGA provided specific instructions for classifying out-of-state convictions, the Legislature failed to include instructions for designating pre-KSGA Kansas convictions. In *Keel*, which involved the classification of a pre-KSGA crime, "the classification of a prior conviction . . . as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." *Keel*, 302 Kan. at 590. Hicks argues that the holding in *Keel* should be extended to the facts in this case.

Notwithstanding, in *State v. Cadenhead*, No. 117,796, 2018 WL 3673028 (Kan. App. 2018) (unpublished opinion), *rev. denied* 309 Kan. 1350 (2019), this court rejected the same argument that Hicks is now making. Like Hicks, the defendant in *Cadenhead* argued that the *Keel* decision controlled. In addition, she asserted that K.S.A. 2016 Supp. 21-5807 and K.S.A. 2016 Supp. 21-6811(d)(1) conflicted with one another. Much like this case, at the time of her prior burglary conviction, the offense was classified as a person felony. 2018 WL 3673028, at *2.

The *Cadenhead* panel acknowledged that the Legislature recodified the burglary statute in 2011 and then changed the designation of burglary of a dwelling to a nonperson felony in 2016 for approximately a year. See K.S.A. 2016 Supp. 21-5807(c)(1)(A)(i) (effective July 1, 2016); K.S.A. 2017 Supp. 21-5807(c)(1)(A)(i) (effective May 18, 2017). Although it was during this window of time that the defendant committed her "current" crime of conviction, the panel found that the plain language of K.S.A. 2016 Supp. 21-6811(d)(1) continued to explicitly provide that courts should classify prior burglary of a dwelling convictions as person felonies for all future criminal history

7

purposes. After an extensive analysis of *Keel* and other relevant caselaw, this court rejected Cadenhead's arguments:

"Though K.S.A. 2016 Supp. 21-5807(a)(1) and (c)(1) are specific to the offense of burglary and includes the severity level and nonperson designation for future sentencing, K.S.A. 2016 Supp. 21-6811(d)(1) is specific to the purpose for which it is being used here—sentencing for a subsequent offense. It also provides the State's burden of proof in proving prior convictions. When considered along with the legislative omission of an in-state, post-KSGA rule for designation at the time of the current offense, it seems the person/nonperson designation in K.S.A. 2016 Supp. 21-5807(c)(1) is for determination of an offender's criminal history score in current offenses rather than for designation of prior offenses for criminal history. Even so, the designation in K.S.A. 2016 Supp. 21-6811(d)(1) provides instruction for designating any prior conviction for burglary of a dwelling when scoring it for sentencing. Thus, K.S.A. 2016 Supp. 21-6811(d)(1) provides a specific enactment.

"Cadenhead contends we are to presume a Legislature makes amendments intentionally with full knowledge of the law. While it is unknown why the Legislature changed burglary of a dwelling from a person designation to a nonperson designation for 10 months, based on the statutory scheme, only an offender with a conviction under K.S.A. 2016 Supp. 21-5807(a)(1) could challenge a person designation for sentencing of a subsequent conviction. We affirm." 2018 WL 3673028, at *5.

Just last year, this court again rejected a similar argument in *State v. Marshall*, No. 119,710, 2019 WL 5849911 (Kan. App. 2019) (unpublished opinion), *pet. for review* filed December 9, 2019. In rejecting the argument that *Keel* controls, the *Marshall* panel found:

"*Keel* does not control; *Dickey* does. The Kansas Supreme Court in *State v. Dickey*, 301 Kan. 1018, 1035, 350 P.3d 1054 (2015), held a pre-KSGA juvenile adjudication for burglary, which did not include a requirement the burglarized structure be a dwelling as an element of the offense, is a nonperson felony. The *Dickey* court found the classification of a prior residential burglary conviction or adjudication for criminal

8

history purposes is specifically controlled by K.S.A. 2018 Supp. 21-6811(d). 301 Kan. at 1035." 2019 WL 5849911, at *6.

As discussed above, K.S.A. 2016 Supp. 21-6811(d)(1) expressly provides that a prior burglary conviction or adjudication involving a dwelling under K.S.A. 21-3715(a) will be classified as a person offense. Hicks' complaint is that this statutory provision conflicts with K.S.A. 2016 Supp. 21-5807(c)(1)(A)(i), which designated burglary as a nonperson offense during the time that Hicks committed his current crimes of conviction. So, even during the brief period that burglary of a dwelling was a nonperson offense, K.S.A. 2016 Supp. 21-6811(d)(1) still provided that prior convictions for burglary of a dwelling should be scored as person felonies for criminal history purposes.

When there is a conflict between statutes, a specific statute controls over a general statute. *State v. Kinder*, 307 Kan. 237, 241, 408 P.3d 114 (2018). We find K.S.A. 2016 Supp. 21-6811(d)(1)—which specifically provided for the classification of a prior offense for the purposes of determining a defendant's criminal history score—to be a more specific statute than K.S.A. 2016 Supp. 21-5807(c)(1)(A)(i). We further find that our Legislature's express guidance in K.S.A. 2016 Supp. 21-6811(c)(1)—that a burglary of a dwelling conviction should be classified as a person offense when scoring it for criminal history purposes—is controlling. Thus, we conclude that Hicks' prior 2004 burglary of a dwelling conviction was properly classified as a person felony to determine his criminal history score.

*Imposition of Underlying Sentence*

Next, Hicks contends the district court abused its discretion in ordering him to serve his underlying sentences without modification. We review the district court's denial of a defendant's request for a modified sentence following the revocation of probation for an abuse of discretion. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). A judicial action constitutes an abuse of discretion if (1)

9

no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion—in this case Hicks—bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

A review of the record reveals that the district court was well within its discretion to revoke Hicks' probation and impose the underlying sentence. First, K.S.A. 2018 Supp. 22-3716(c)(9)(B) authorized the district court to revoke Hicks' probation after a single violation because probation was granted in those cases as a result of a dispositional departure. Second, upon a finding of a probation violation after having served the required intermediate sanctions, the district court may revoke probation and require the probationer "to serve the sentence imposed, or any lesser sentence." K.S.A. 2018 Supp. 22-3716(c)(1)(E). Here, the district court had previously imposed intermediate sanctions pursuant to K.S.A. 2018 Supp. 22-3716(c)(1)(B) and K.S.A. 2018 Supp. 22-3716(c)(1)(C). Because Hicks had already served intermediate sanctions, the district court had the discretion to revoke Hicks' probation and remand him to serve the full prison sentences that were originally ordered. Third, the district court had the authority to revoke Hicks' probation and impose the underlying sentences because he had committed new crimes while serving his probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Hicks makes a public policy argument that the district court should have allowed him to pursue inpatient treatment for drug abuse because this action could potentially benefit both him and the community. K.S.A. 2018 Supp. 22-3716(c)(1)(E) allows the district court to impose a modified sentence to conform with the purposes of the KSGA, including: (1) reserving prison space for "'serious violent offenders who present a threat to public safety;'" (2) rehabilitation of prisoners as well as making rehabilitative programs available in local communities; (3) reducing prison overcrowding; and (4) protecting public safety. *State v. Waggoner*, 51 Kan. App. 2d 144, 155, 343 P.3d 530 (2015).

10

Even if we were to find Hicks' arguments persuasive, we cannot ignore the fact that he stipulated to violating the terms of his probation multiple times and the district court had already imposed the statutory intermediate sanctions required by K.S.A. 2018 Supp. 22-3716(c). The district court initially departed from the presumed prison sentence, giving Hicks an opportunity to avoid going to prison through success on probation, but Hicks failed to comply with the terms of that probation. In addition, the district court ordered conditions of probation designed to support Hicks in his recovery for substance abuse, but Hicks did not take advantage of the opportunities provided to him.

Hicks violated the terms of his probation multiple times and in numerous ways. He continued to violate the terms of his probation after being ordered to serve intermediate sanctions. We cannot find that no reasonable person would have made the decision to deny his request for a sentence modification. In fact, we find the district court's decision to be quite reasonable under the circumstances presented. In addition, we find that the refusal of the request for modification was not based on either an error of law or fact. We, therefore, conclude that the district court did not abuse its discretion in denying Hicks' request to modify his underlying prison sentences, and we affirm its decision in each of the three consolidated cases.

Affirmed.