NOT DESIGNATED FOR PUBLICATION

No. 122,651

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD M. FRANKLIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed May 7, 2021.
Affirmed.

*Richard M. Franklin*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and POWELL, JJ.

PER CURIAM: Richard M. Franklin appeals from the district court's order
summarily denying his pro se motion to correct an illegal sentence. Franklin first claims
that the district court erred in determining his criminal history score was A by classifying
his prior out-of-state convictions as person felonies according to the law as explained in
*State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). Franklin also claims the
district court lacked jurisdiction to resentence him on April 11, 2017, because the State
had discharged him from postrelease supervision before the mandate was issued on the

1

Court of Appeals' decision remanding the case for resentencing. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The district court sentenced Franklin to 272 months in prison on 2003 on a severity level 5, nondrug, person felony that he committed in 2003. Long after that decision was final, in 2014, he moved to correct an illegal sentence. He argued that based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), the district court miscalculated his criminal history score, resulting in an illegal sentence. He argued that in 2003 the court should have classified his eight prior Florida pre-Kansas Sentencing Guidelines Act convictions for committing a lewd act on a child as nonperson felonies based on *Murdock*. The district court agreed with Franklin and reduced his sentence to 120 months. Because he had served 120 months in prison, the district court released him from custody. But the State filed a timely notice of appeal from that decision.

Generally, a defendant is not to be held in custody during the pendency of an appeal by the prosecution. But, K.S.A. 2020 Supp. 22-3604(3) provides that if a defendant has been charged with a severity level 5 nondrug felony committed after July 1, 1993, the district court is not to release the defendant during the pendency of the State's appeal. For these reasons, the district court should not have released Franklin from custody while the case was on appeal. In any event, he was, which set up the defendant's frustration with being returned to custody when the State succeeded in its appeal three years later.

By order dated October 26, 2015, in *State v. Franklin*, No. 112,849, this court summarily reversed the decision of the district court, in essence finding that Franklin's original sentence was not illegal and remanded the case for resentencing. It did so based on *Keel*, 302 Kan. 560 (overruling the *Murdock* decision.). *Keel* found that in

2

determining whether a pre-Kansas Sentencing Guidelines case should be treated as a person or nonperson offense for determining criminal history, judges are to compare the prior crime to comparable offenses committed at the time of the current crime of conviction—in Franklin's case comparable Kansas crimes in 2003. 302 Kan. 560, Syl. ¶ 8. Franklin's petition for review before the Kansas Supreme Court was denied and the mandate issued on December 28, 2016. On remand, the district court reinstated the 272-month sentence and denied Franklin's motion for a departure to something less than 122 months. Franklin's attorney also made an oral motion for mootness and lack of jurisdiction—based on that fact that the Secretary of Corrections had fully discharged Franklin from custody—that was also denied. The district court remanded Franklin to the custody of the Secretary of Corrections, where he remains today. He timely appealed the district court's resentencing orders. The case was transferred to the Kansas Supreme Court.

On February 2, 2018, in *State v. Franklin*, No. 117,700, the Kansas Supreme Court held, by summary order (at Franklin's request), that there was no merit to Franklin's appeal challenging his sentence. *Keel* overruled the case that the district court relied on to reduced Franklin's sentence—*Murdock*. His original sentence was legal. In other words, the district court had properly classified Franklin's prior offenses as person felonies at his 2003 sentencing. The Supreme Court ordered the appeal "closed." The Clerk of the Appellate Courts issued the mandate on March 5, 2018.

Franklin, not to be deterred, filed another motion to correct the same sentence on August 8, 2019. He raised the same issue—that *Keel* did not control his sentencing, this time based on what has been referred to as *Murdock II*, *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019), which came down after the Supreme Court mandate finding that Franklin's original sentence was legal based on *Keel*. In *Murdock II*, the Supreme Court noted that "the legality of a sentence . . . is controlled by the law in effect at the time the

3

sentence was pronounced." 309 Kan. at 585-86. In this case, that would mean that the law in effect in 2003 was the law that controlled Franklin's sentence.

The district court summarily denied Franklin's motion. The district court noted that this issue had been resolved by the Kansas Supreme Court and "decline[d] the invitation" to overrule the Supreme Court mandate and that res judicata applied to that order. It is that decision, made in January 2020, that is now the subject of this appeal.

ANALYSIS

I.     *Franklin abandons any challenge to the district court's ruling that it was bound by the Supreme Court's March 5, 2018 mandate finding Franklin's sentence was legal.*

In his pro se appeal, Franklin does not challenge the district court's decision on the res judicata effect of the Kansas Supreme Court mandate finding his sentence was legal. Instead, he embarks on his new illegal sentence argument, this time based on *Murdock II*. An issue not briefed is considered waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018); see also *State v. Novotny*, 297 Kan. 1174, Syl. ¶ 1, 307 P.3d 1278 (2013) ("When a district court provides alternative bases to support its ultimate ruling on an issue and an appellant fails to challenge the validity of each alternative basis on appeal, an appellate court may decline to address the appellant's challenge to the district court's ultimate ruling.").

The purpose of the complimentary doctrines of res judicata, the law of the case, and the mandate rule are to prevent the parties and the district court from revisiting issues that have already been settled by the appellate courts. A new motion to correct an illegal sentence cannot "be used as a vehicle to 'breathe new life' into an issue previously

4

determined against [a defendant] on multiple occasions." *State v. Robertson*, 298 Kan. 342, 344-45, 312 P.3d 361 (2013).

Because Franklin does not address the sole basis for the district court's decision denying his motion, we deem it abandoned and affirm the district court. We reject any attempt to relitigate that issue, particularly since Franklin provides no reason for us to do so.

That said, we recognize that our Supreme Court recently stressed that the ability to correct an illegal sentence "permits a party to advance a successive motion to correct an illegal sentence premised on developments in the law that show the earlier determination was wrong on the merits." *Murdock II*, 309 Kan. at 592. But Franklin erroneously focuses on whether the 2014 decision to modify his sentence to 120 months was in error. We understand his confusion given the rapidly changing jurisprudence in this area. But the issue is whether the 2003 sentence—which had long been a final sentence—was illegal, not the 2014 modification of that sentence—which was reversed before it ever became final. Franklin makes no argument that the sentence imposed in 2003—which is the one that has always been at the heart of this case, was illegal based on the law in effect at that time, as he must do under *Murdock II*. So contrary to his new motion to correct an illegal sentence, *Murdock II* does not provide him any relief. We will clarify how Franklin's situation is different from the situation in *Murdock II*.

In *Murdock*, the Supreme Court found that a sentence that was imposed in December 2008 was illegal because it erroneously calculated Murdock's criminal history score. The court resentenced Murdock consistent with the Supreme Court's mandate. Neither party appealed and the case became final. Six months later *Keel* overruled *Murdock* and the State moved to correct Murdock's sentence. Murdock argued that his new sentence was lawful when the district court imposed it, and it was final because the mandate had issued and there had been no appeal. In *Murdock II*, the Kansas Supreme

5

Court agreed. At the time the district court imposed Murdock's reduced sentence it was legal and final. 309 Kan. at 593. That is not the case here. Franklin's "new sentence" was never final. In fact, it was reversed. So to mount a challenge to his sentence, he must set forth reasons why his 2003 sentence was illegal *when the court imposed it*. He has failed to do so.

II.      *Franklin's double jeopardy claim fails.*

Franklin argues, for the first time on appeal, that district court violated his constitutional rights against twice being put in jeopardy by his resentencing after his discharge from custody. He recognizes a litigant may not raise issues on appeal that the litigant did not raise before the district court unless a recognized exception applies. Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that the appellant did not raise below merits this court's consideration for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). He asserts that we should make an exception to the rule because "review is necessary to meet the ends of justice and prevent the denial of Franklin's fundamental rights."

Even if an exception would support a decision to review a new claim, the appellate courts have no obligation to do so. *State v. Gray*, 311 Kan. 164, Syl. ¶ 1, 459 P.3d 165 (2020). To paraphrase W.C. Fields, we do not have to attend every argument we are invited to. See http://www.azquotes.com/author/4795-W_C_Fields. For two reasons, we believe that the exceptions do not apply here because deciding this issue will not meet the ends of justice or prevent the denial of Franklin's fundamental rights.

First, an illegal sentence under K.S.A. 2020 Supp. 22-3504(c)(1) is: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment;

6

or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. The definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision. As a result, a defendant may not move to correct an illegal sentence based on constitutional challenges to his or her sentence. *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015); see also *State v. Mitchell*, 284 Kan. 374, 376-77, 162 P.3d 18 (2007) (declining to address the merits of double jeopardy, equal protection, and Eighth Amendment challenges to illegal sentence). So Franklin is statutorily prohibited from bringing his double jeopardy claim in a motion to correct an illegal sentence.

Second, his double jeopardy argument is not persuasive. Franklin relies on *State v. Lehman*, 308 Kan. 1089, 1093-94, 427 P.3d 840 (2018), to conclude that the district court could not constitutionally resentence him. But this argument misses the mark. It ignores one major distinction between his case and *Lehman*—the expectation of the finality of his 2014 sentence. Let's take a closer look at *Lehman*.

Alfred Van Lehman Jr. entered into a plea agreement with the State, which the district court followed, ordering Lehman to serve 24 months of postrelease supervision after he completed his 31-month sentence. Four years later the State moved to correct an illegal sentence because based on his crime of conviction Lehman had to serve *lifetime* postrelease supervision. By the time the district court heard the motion, Lehman had served his prison sentence and his postrelease supervision time. Seven months earlier, KDOC had discharged Lehman from postrelease supervision per the district court's original orders. The Supreme Court noted the special circumstances of Lehman's case. Five of the seven justices held:

> "[W]hen Lehman completed his original sentence—even if it was illegal—without a
> court order that superseded the judgment of the sentencing judge, he was no longer
> subject to the jurisdiction of the criminal justice system. Any additional sentence imposed

7

on him for the same offense after completing the original sentence constitutes a multiple punishment proscribed by the double jeopardy provisions of our federal and state constitutions.

"Moreover, the argument that the notice of the filing of the motion to correct an illegal sentenced negated any expectation of finality Lehman may have had upon completing his original sentence is similarly unavailing. A person who has appeared before a judge and received a sentence in open court can legitimately expect that court order to remain in effect until told otherwise by a district judge." 308 Kan. at 1099.

Two justices separately concurred. 308 Kan. at 1099-1100 (Rosen, J., concurring) and (Stegall, J., concurring). Justice Rosen again stressed the unique circumstances of the case. He believed it was significant that by the time Lehman had been served with the State's motion, he had been discharged. If he had notice of the State's motion before he was discharged—even if just by a day—Justice Rosen would have found that he would have had no expectation in the finality of his sentence. 308 Kan. at 1099-1100. Justice Stegall likewise concurred but found that double jeopardy was not in play. Instead, he believed the court's precedent established in *State v. Montgomery*, 295 Kan. 837, 286 P.3d 866 (2012), "that motions to correct an illegal sentence are rendered moot by the expiration of the sentence" foreclosed the State's claim. *Lehman*, 308 Kan. at 1100.

Here, Franklin had no expectation in the finality of his 120-month sentence. He filed the motion to have his sentence declared illegal. He still had half of his 272-month sentence remaining when he filed the motion. He was on notice that the State appealed the district court's ruling and, as such, it was subject to reversal. We fail to see how *Lehman* controls this case.

Some may view it as unfair that a man who was released from prison based on a district judge's reduction of his sentence would have to return to prison to serve out his sentence. But we see nothing untoward about what happened here. First, the district court

8

erred in releasing the defendant to begin with—when the decision shortening his sentence was on appeal and subject to reversal. Second, Franklin has had every opportunity to present his argument about the illegality of his original sentence to the appellate courts, and he has been unsuccessful at every turn. Even now he fails to establish how his 2003 sentence was illegal when entered.

Affirmed.