NOT DESIGNATED FOR PUBLICATION

No. 128,026

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHAUNCEY LAVELL BROWNFIELD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed March 21, 2025.
Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Chauncey Lavell Brownfield appeals the district court's denial of
his pro se motion to correct illegal sentence. As Brownfield recognizes, because he had
completed his sentence by the time he filed his motion, the district court lacked
jurisdiction to consider it. Thus, we affirm the district court's judgment.

FACTS

In 1997, Brownfield pled no contest and was convicted of attempted aggravated
robbery in Geary County District Court case No. 97-CR-1446. On July 20, 1998, the
district court sentenced Brownfield to 120 months' imprisonment and 36 months'

1

postrelease supervision. Although Brownfield was only 16 when he committed the offense, he was prosecuted as an adult following a waiver of juvenile jurisdiction.

On July 12, 2024, Brownfield filed a pro se motion to correct illegal sentence. He argued that his sentence was illegal because his adult certification was based, in part, on a prior adjudication of criminal threat—an adjudication he claimed was unconstitutional referring to *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019). The district court dismissed Brownfield's motion as moot, explaining: "As far as this court can tell, Mr. Brownfield finished his sentence in this case sometime around 2007 or 2008. The court dismisses Mr. Brownfield's motion." Brownfield timely appealed. This court granted Brownfield's motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond to Brownfield's motion.

ANALYSIS

Brownfield claims the district court "erred when it failed to reach the merits of his motion and dismissed the motion as moot." He asserts a case should not be dismissed as moot unless the State shows that a ruling on the claims would be ineffectual for any purpose. He also points out there are exceptions to the mootness doctrine and the district court did not consider whether any potential exceptions applied in Brownfield's case.

Despite this argument, Brownfield concedes the district court reached the right conclusion, albeit for the wrong reason. Brownfield's motion for summary disposition acknowledges that "because [he] has been discharged from his sentence in 97-CR-1446, the district court had no jurisdiction to consider his motion." Although not an official record, Brownfield attached information from the Kansas Department of Corrections' KASPER website showing that, although he is incarcerated for more recent convictions in other cases, his sentence in case No. 97-CR-1446 is completed and the case is inactive.

Brownfield is correct based on the information he has provided. K.S.A. 22-3504(a) states that a court "may correct an illegal sentence at any time *while the defendant is serving such sentence*." (Emphasis added.) Consistent with the statute, the Kansas Supreme Court has held that a court loses jurisdiction to correct an illegal sentence once the sentence has expired and the defendant is discharged from custody. *State v. Lehman*, 308 Kan. 1089, Syl. ¶ 5, 427 P.3d 840 (2018).

This court may affirm the district court's decision when it is right for the wrong reason. *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015). While the district court perhaps erred in finding Brownfield's motion was moot, it lacked jurisdiction to consider his motion to correct illegal sentence. Because Brownfield completed his sentence more than a decade before filing his motion, even if that sentence may have been illegal, the district court lacked jurisdiction to address the motion.

Affirmed.