NOT DESIGNATED FOR PUBLICATION

Nos. 127,156
127,223

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EARNEST E. WALKER JR.,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed August 22, 2025. Affirmed.


*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.


*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before CLINE, P.J., MALONE and PICKERING, JJ.


PER CURIAM: Earnest E. Walker Jr. pled guilty in two cases in the 1990s. His sentences were suspended, but the district court eventually revoked the suspension and ordered Walker to serve his underlying prison sentences. By 2016, Walker completed his sentence and postrelease in both cases. Walker filed two motions to correct an illegal sentence, one while serving his sentence and one after he was released, but his claims were denied. The denial of the first motion was affirmed on appeal and Walker's appeal of the ruling on his second motion was dismissed as moot. In June 2023, Walker, as a

1

self-represented litigant, filed a third motion to correct his sentence. The district court summarily denied his motion and it is this ruling that Walker appeals.

FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Walker pled guilty as charged to burglary, forgery, and misdemeanor theft in case number 91-CR-891 (Case 1). The district court suspended imposition of a sentence for one year, provided Walker comply with specified terms and conditions of probation. In 1993, Walker's probation was revoked, reinstated, and extended for 24 months. Later the district court extended his probation for one year three times. In 1998, after these extensions, the district court revoked the suspended sentence and sentenced Walker to a controlling sentence of at least two years but not more than five years.

In a different case, 93-CR-1193 (Case 2), Walker pled guilty to attempted possession of cocaine, speeding, and driving while his license was canceled, suspended, or revoked. For these crimes, the district court sentenced Walker to at least one year but not more than five years in prison. But the court suspended this sentence and placed him on probation for two years. Afterward it extended Walker's probation two times. Then in 1998, the court revoked his probation and sentenced Walker to serve his underlying sentences. It also ordered his sentence in Case 2 to run consecutively to his sentence in Case 1.

In 2006, Walker filed a motion to correct an illegal sentence alleging his sentence in Case 1 should have expired and his sentence in Case 2 should have been converted under the Kansas Sentencing Guidelines Act. The district court summarily denied his motion, finding his sentence was not illegal, and our court affirmed the district court's ruling. *State v. Walker*, No. 97,322, 2008 WL 142345 (Kan. App. 2008) (unpublished opinion).

By 2016, Walker had completed his sentence and postrelease in both cases. The next year Walker pursued relief through illegal sentence motions, claiming his criminal history was improperly scored which resulted in an improper calculation of his sentence in Case 1 and that the statutory maximum term for probation expired before his sentence was revoked, so the district court had no authority to revoke his probation and send him to prison. He alleged his motion was not moot because he sought a declaratory judgment so that he could "file the malpractice lawsuit against the respective attorneys." He did not specify the nature of his malpractice claim. The district court summarily denied Walker's motions and found his claims moot because his sentence had expired. Walker appealed, and this court dismissed his appeal as moot.

About six years later, Walker filed another motion to correct an illegal sentence in both cases which essentially repeated the arguments made in his 2016 motion. Walker again claimed a ruling on the merits was necessary because he needed it to file civil actions against the attorneys who represented him while he served his alleged illegal sentence. The district court denied his motion on January 26, 2023. The district court found that Walker failed to show it had jurisdiction to hear his motion. The court pointed out that while Walker was currently in jail, his incarceration was related to other cases and Walker was not serving the sentences imposed in Case 1 and Case 2. The record does not reveal that Walker appealed this ruling.

A few months later, in June 2023, Walker filed a "Motion to Correct Sentence." He repeated the same claims he made previously as to why he believed his sentence was illegal and argued his claim was not moot because he needed judgment on his illegal sentences in order to file a civil action. The district court summarily denied his motion. The district court found Walker served his underlying sentences in full, including in postrelease supervision and/or parole. And the court found it had no jurisdiction to hear his motion because when a sentence is completed, the person serving the sentence is

3

deemed to be discharged from custody and no longer subject to the jurisdiction of the criminal justice system.

Walker timely appealed this ruling and was appointed counsel to pursue his claim on appeal.

REVIEW OF WALKER'S APPELLATE CHALLENGE

Walker admits his motion is moot. Yet Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Phipps*, 320 Kan. ___, 570 P.3d 1240, 1245 (2025). As our Supreme Court recently reiterated: "A case is moot when a court determines that it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." 320 Kan. ___, Syl. ¶ 2. And, once a court determines that an issue is moot, jurisdiction over that issue or question ends. 320 Kan. ___, Syl. ¶ 3.

As in *Phipps*, the question before us is whether Walker's completion of his sentences renders this case moot. And, like in *Phipps*, 570 P.3d at 1248, the district court determined it had no jurisdiction to hear Walker's motion because once a person completes his or her original criminal sentence that person is deemed to be discharged from custody and no longer subject to the jurisdiction of the criminal justice system. See *State v. Lehman*, 308 Kan. 1089, 427 P.3d 840 (2018). In *Lehman*, the Kansas Supreme Court held that "[w]hen a person completes his or her original criminal sentence—even if an illegal sentence—without a court order that superseded the judgment of the original sentencing judge, that person is deemed to be discharged from custody and no longer subject to the jurisdiction of the criminal justice system." 308 Kan. 1089, Syl. ¶ 5. *Lehman* stands for a court not imposing an additional sentence or modifying a sentence

4

that was already served. A court would not have jurisdiction to make that modification. 308 Kan. 1089, Syl. ¶ 5.

But Walker does not challenge the legality of his sentence for purposes of modifying his sentence, like in *Lehman* and *Phipps*. See *State v. Phipps*, 63 Kan. App. 2d 698, 698-99, 539 P.3d 227 (2023), *appeal dismissed* 320 Kan. ___, 570 P.3d 1240 (2025). Instead, Walker submits he needs a declaratory judgment for a legal malpractice claim. He cites *Garcia v. Ball*, 303 Kan. 560, 571, 363 P.3d 399 (2015), arguing a ruling on the legality of the sentence he served is a prerequisite for filing any civil action for damages. He adds that *Garcia* sets out the proposition that the district court ruling on the legality of a sentence is necessary before pursuing a legal malpractice claim.

While we agree with Walker that the district court misanalyzed his claim—it should have looked at whether Walker's claim was moot, meaning whether "it clearly and convincingly appears that the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose." *State v. Montgomery*, 295 Kan. 837, Syl. ¶ 3, 286 P.3d 866 (2012). That said, a district court may be affirmed if right for the wrong reason and we find the court properly dismissed Walker's motion as moot. *State v. Holley*, 315 Kan. 512, 520, 509 P.3d 542 (2022).

Our Supreme Court has said when evaluating whether the interest in a malpractice suit is a vital, or substantial, right requiring a judgment, "[a] plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim in forward-looking prisoner actions that seek to remove roadblocks to future litigation." *State v. Roat*, 311 Kan. 581, 596, 466 P.3d 439 (2020). And the "predicate claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than just 'hope.'" 311 Kan. at 596-97. "Failure to brief an analytic framework sufficiently for effective appellate review is tantamount to not raising the issue at all." 311 Kan. at 597.

Yet neither Walker's motion nor his appeal tell this court the factual basis for a legal malpractice claim. As the State points out, Walker's motion to correct an illegal sentence and his appellate brief provide no specific claims he plans to raise against his counsel. In addition to failing to articulate his claim, Walker does not cite evidence in the record that supports his malpractice claim. He does not explain how any attorney's representation was deficient nor how a judgment from this court rendering his served sentence was illegal would impact his right to pursue such a claim.

Walker left this court with the task of finding and developing the civil claims he could or might bring against his trial counsel. But simply saying a ruling on an illegal sentence is a predicate to a legal malpractice claim does not present an articulable argument that he has a colorable malpractice claim. Without providing an indication about what a civil claim could entail, Walker failed to show how a judgment would have meaningful consequences for any purpose, including future implications. Walker's reliance on *Garcia* is also a stretch because Garcia did sue his lawyer for malpractice. 303 Kan. at 561. Walker has not suggested he has done the same nor has he developed how he intends to do so. We cannot make the logical leap Walker is seeking without the necessary basis to support it, which Walker has failed to provide.

"A justiciable controversy has definite and concrete issues between the parties and 'adverse legal interests that are immediate, real, and amenable to conclusive relief.'" *Montgomery*, 295 Kan. at 840. Walker has not sufficiently articulated definite and concrete legal issues for his alleged malpractice claim nor has he adequately explained what "real" legal interests he has in pursuing such a claim. Thus, the district court correctly dismissed Walker's motion. See *State v. Ryce*, 303 Kan. 899, 964, 368 P.3d 342 (2016) ("Although the reasons for our decision differ from those of the district court, an appellate court can affirm the district court if the court was right for the wrong reason.").

Affirmed.