(197 P.3d 870)
No. 100,197

## IN THE MATTER OF E.R.

—

Opinion filed December 12, 2008.

*Paul Shipp*, of Kansas Legal Services, of Manhattan, for appellant E.R.

*Lara Blake Bors*, assistant county attorney, *John P. Wheeler, Jr.*, county attorney, and *Stephen N. Six*, attorney general, for appellee State of Kansas.

Before MCANANY, P.J., GREEN and BUSER, JJ.

MCANANY, J.: This appeal requires us to examine K.S.A. 21-3522(a)(3), sometimes referred to as the "Romeo and Juliet" law. Here, 12-year-old E.R. was adjudicated a juvenile offender for sexually fondling a 14-year-old girl who was a willing participant. E.R. argued to the district court without success that the charge should be dismissed and he should not be adjudicated a juvenile offender because he is younger than the girl involved in this illicit liaison. This appeal follows the district court adjudicating E.R. to be a juvenile offender on this charge.

E.R. argues that the plain language of K.S.A. 21-3522(a)(3) requires an offender charged under the statute to be older than the victim. This is an issue of law over which we have unlimited review. *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008).

K.S.A. 21-3522(a) provides:

"Unlawful voluntary sexual relations is engaging in voluntary: (1) Sexual intercourse; (2) sodomy; or (3) lewd fondling or touching with a child who is 14 years of age but less than 16 years of age and the offender is less than 19 years of age and *less than four years of age older* than the child and the child and the offender are the only parties involved and are members of the opposite sex." (Emphasis added.)

The intent of the legislature in enacting K.S.A. 21-3522(a) controls. See *State v. Paul*, 285 Kan. 658, 662, 175 P.3d 840 (2008). In our effort to determine that intent we examine the statutory language the legislature employed, giving ordinary words their ordinary meanings. See *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007). When the language of a statute is plain and unambiguous, we do not speculate as to the legislature's intent behind it or read into the statute something that is not readily found in it. We do not look for ambiguity where none is apparent. See *Matjasich v. Kansas Dept. of Human Resources*, 271 Kan. 246, 252, 21 P.3d 985 (2001). We do not add words that are not found in the statute, nor do we ignore words that have been included. We need only resort to the various tools of statutory construction or to the statute's legislative history if the language of the statute is unclear or ambiguous. *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007), *cert. denied* 129 S. Ct. 36 (2008). In the end, we defer to the legislature on all constitutional statutory enactments and do not substitute our own views for those of the legislature on what the law should or should not be.

As we understand it, the State argues that a 12-year-old offender is less than 4 years older than a 14-year-old victim because a person 4 years older than a 14-year-old is age 18, and the age of a 12-year-old is less than the age of an 18-year-old. We suspect that the average reader will have to read the foregoing sentence more than once to figure out the State's theory. We did. We are confident a mathematician could easily express the State's theory in a simple

equation. But people do not talk that way. And legislators do not write laws that way.

All of the State's interesting arguments for why we should apply its tortured construction and all of E.R.'s equally interesting policy considerations, which he claims support a contrary view, are predicated on the existence of an ambiguity in the statute. We never apply the familiar rules of construction which the State turns to if the statute is clear and unambiguous on its face. *In re K.M.H.*, 285 Kan. at 79. The State's construction of the statute is a solution looking for a problem. We see no ambiguity. We do not believe our legislators, in enacting this law, meant anything other than *older* when they characterized the offender as being *"older than the child."* The offender could be 1 day older than the child, 1 year older, and even 3 years and 364 days older. But the defining characteristics of the offender, as clearly expressed by the legislature, are that the offender is under age 19 and *older* than the child by some period less than 4 years.

We note in passing the general rule that if the statute were ambiguous, because it is a criminal statute we would ordinarily construe it in a fashion favoring the accused, not the State. See *State v. Paul*, 285 Kan. at 662. But since there is no ambiguity, our analysis ends with a simple reading of the clearly expressed words of the statute without resorting to the rules of construction.

Accordingly, we conclude that the district court erred in refusing to dismiss this charge and in adjudicating E.R. to be a juvenile offender for violating K.S.A. 21-3522(a) when he was younger, rather than older, than his female participant.

This renders E.R.'s remaining claims moot.

Reversed.