IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,685

In the Matter of A.B.

SYLLABUS BY THE COURT

1.

K.S.A. 2020 Supp. 21-5506(b)(1) (aggravated indecent liberties with a child) is not vague or overbroad for the reasons advanced in this case.

2.

K.S.A. 2020 Supp. 21-5507 (unlawful voluntary sexual relations) does not require the offender be older than the other participant in the sexual relations criminalized by the statute.

3.

*In re E.R.*, 40 Kan. App. 2d 986, 197 P.3d 870 (2008) (holding a juvenile offender convicted of K.S.A. 21-3522, the precursor statute to K.S.A. 2020 Supp. 21-5507, must be "under age 19 and *older* than the child by some period less than 4 years"), is overruled.

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed April 2, 2021. Reversed and remanded.

*Richard E. James*, county attorney, argued the cause and was on the brief for appellant State of Kansas.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, argued the cause and was on the brief for appellee A.B.

1

The opinion of the court was delivered by

BILES, J.: This controversy arises after the State charged a then 14-year-old girl with aggravated indecent liberties with a child for having sexual relations with a then 14-year-old boy. The State had tried first to prosecute her for a less severe crime under K.S.A. 2020 Supp. 21-5507, commonly known as the "Romeo and Juliet" statute, but that charge was dismissed because she is a few months younger than the boy. See *In re E.R.*, 40 Kan. App. 2d 986, 988, 197 P.3d 870 (2008) (holding individual charged under K.S.A. 21-3522, the precursor statute to K.S.A. 2020 Supp. 21-5507, must be "under age 19 and *older* than the child by some period less than 4 years" to be adjudicated a juvenile offender). The State then initiated juvenile proceedings against the girl under the more severe statute, while the older boy was convicted of the less severe offense. Faced with the prospect of disparate outcomes between the two, the district court declared the aggravated indecent liberties statute unconstitutional, holding it was vague, overbroad, and in violation of the girl's equal protection rights as applied. The State now appeals.

We hold the aggravated indecent liberties statute is not vague or overbroad for the reasons advanced in this case. We also hold the statute does not violate equal protection as applied because the underlying premise for that claim is the Court of Appeals ruling in *E.R.*, which incorrectly interpreted the precursor to K.S.A. 2020 Supp. 21-5507 to require the offender be older than the other juvenile. The statute imposes no such limitation. We overrule *E.R.* and remand the case to the district court for additional proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2019, a Clay County Sheriff's Deputy investigated a juvenile rape that allegedly occurred two years earlier. The suspect was a juvenile male, T.C., and the

alleged victim was K.G., a juvenile female. The deputy interviewed her, asking if she told anyone about the incident around the time it had occurred. She mentioned A.B., another juvenile female and the defendant in this appeal. The deputy interviewed A.B., who acknowledged she also had sex with T.C. That prompted the State to initiate proceedings against her.

The State first charged A.B. as a juvenile with unlawful voluntary sexual relations, a severity level 8 person felony. See K.S.A. 2020 Supp. 21-5507. But the district court dismissed the case, relying on *E.R.*, which held the statute requires the offender to be older than the victim. *E.R.*, 40 Kan. App. 2d at 988. The district court noted A.B. was younger than T.C., so K.S.A. 2020 Supp. 21-5507 could not apply to her based on what was then binding appellate court precedent.

Rather than appeal that dismissal, the State recharged A.B. with the more severe crime of aggravated indecent liberties with a child, a severity level 3 person felony. See K.S.A. 2020 Supp. 21-5506(b)(1). The charging document alleges:

> "That between the 1st day of May, 2015, and the 31st day of December, 2015, [A.B.], within Clay County, Kansas, did then and there being unlawfully and willfully, engage in sexual intercourse with a child who was 14 years of age but less than 16 years of age at the time of the act, to-wit: engaged in sexual intercourse with T.C., d/o/b 2001, AGGRAVATED INDECENT LIBERTIES WITH A CHILD, in violation of K.S.A. 21-5506(b)(1), an Severity Level 3 Person felony when committed by an adult."

T.C.'s date of birth is January 9, 2001. A.B.'s date of birth is September 21, 2001. During the dates alleged in the charge, T.C. "would have been between the ages of 14 years and 4 months and 14 years and 11 months of age," and A.B. "would have been between the ages of 13 years and 8 months and 14 years and 3 months of age." According to the complaint, T.C. was the child victim and A.B. the offender.

3

A.B. challenged K.S.A. 2020 Supp. 21-5506(b)(1)'s constitutionality. She claimed it was: (1) too vague because "it leaves persons of common intelligence to guess at whether it proscribes a person who is younger than the 'child' from engaging in sexual activities with the older child"; (2) overbroad because it "is designed to infringe on the right of privacy of young teenagers by preventing them from engaging in consensual sexual intercourse"; and (3) in violation of A.B.'s equal protection rights as applied to her because she could only be treated more harshly than T.C. based on her age and *E.R.*

The district court agreed with each claim, although it failed to elaborate on its reasoning. In an aside, the court commented: "I will expect the State to appeal . . . so hopefully the Court of Appeals or the Supreme Court can address this issue and give us some direction for the sake of being fair to everybody involved in such activities."

The State directly appeals to this court. Jurisdiction is proper. See K.S.A. 2020 Supp. 38-2382(c) (specifying that "[p]rocedure on appeal" under revised Kansas Juvenile Justice Code "shall be governed by article 21 of chapter 60 of the Kansas Statutes Annotated"); K.S.A. 60-2101(b) (Supreme Court has jurisdiction over cases directly appealed from district court; "[a]n appeal from a final judgment of a district court in any civil action in which a statute of this state . . . has been held unconstitutional shall be taken directly to the supreme court").

ANALYSIS

The straightforward issue is K.S.A. 2020 Supp. 21-5506(b)(1)'s constitutionality, although the analysis cannot escape the factual context and disparity created by *E.R.*, which prevented the State from prosecuting A.B. under the less severe offense of K.S.A. 2020 Supp. 21-5507. See *State v. Limon*, 280 Kan. 275, 276, 122 P.3d 22 (2005) ("When

4

the Romeo and Juliet statute applies, prison terms are shorter and other consequences, such as postrelease supervision periods and sex offender registration requirements, are less harsh than when general rape, sodomy, and lewd touching statutes apply.").

*Standard of review*

The standard of review for all three constitutional issues is well known:

> "Whether a statute is constitutional is a question of law subject to unlimited review. This court presumes that statutes are constitutional and resolves all doubts in favor of passing constitutional muster. If there is any reasonable way to construe a statute as constitutionally valid, this court has both the authority and duty to engage in such a construction. [Citations omitted.]" *State v. Bollinger*, 302 Kan. 309, 318, 352 P.3d 1003 (2015).

*A.B.'s vagueness claim*

A.B. asserts K.S.A. 2020 Supp. 21-5506(b)(1) is unconstitutionally vague by failing to clarify whether a younger child engaged in sexual intercourse with an older child can be prosecuted under its terms. In her view, the Legislature intended only the older child to be the offender in that circumstance.

The test to determine whether a criminal statute is unconstitutionally vague is typically stated as follows:

> "A statute is unconstitutionally vague if it fails to give adequate warning of the proscribed conduct, that is to say, that it '"fails to provide a person of ordinary intelligence fair notice of what is prohibited."' A statute is also unconstitutionally vague if it fails to protect against arbitrary enforcement. Violation of either aspect of these predictability requirements is grounds for invalidating a statute.

5

"Thus, the test to determine whether a criminal statute is so vague as to be unconstitutional entails two related inquiries: (1) whether the statute gives fair warning to those potentially subject to it, and (2) whether it adequately guards against arbitrary and unreasonable enforcement. 'At its heart the test for vagueness is a commonsense determination of fundamental fairness.' [Citations omitted.]" *Bollinger*, 302 Kan. at 318.

During oral argument to this court, A.B.'s counsel clarified the vagueness challenge derives from the statute's application to her, as opposed to a general facial argument. We approach the argument from that perspective.

But we must first note an issue preservation problem because A.B.'s claim to the district court was limited to the fair-warning prong. She claimed: K.S.A. 2020 Supp. 21-5506 "leaves persons of common intelligence to guess at whether it proscribes a person who is younger than the 'child' from engaging in sexual activities with the older child." Yet in her appellate brief, she tries to reach further by asserting: "In [her] case, it is the second prong of the test that is applicable and revealed as a violation of Due Process by the actions of the prosecutor." And for that argument, she claims "the enforcement of [K.S.A. 2020 Supp. 21-5506 and K.S.A. 2020 Supp. 21-5507] is subjective to the whims of the prosecutor" as evidenced by the series of the charges alleged against her by the State.

The fair-notice prong and the arbitrary-enforcement prong are different. See *State v. Harris*, 311 Kan. 816, Syl., 822, 467 P.3d 504 (2020) (declaring K.S.A. 2019 Supp. 21-6304[c][1] is unconstitutionally vague not because of the first prong—"[a] pocketknife is a knife. People of ordinary intelligence are on notice as to what conduct the statute restricts, and the demands of fundamental fairness are met."—but because of the second prong—"it fails to provide an explicit and objective standard of enforcement"). And presuming the district court adopted the only argument A.B.

advanced to it, i.e., the fair-notice prong, an arbitrary-enforcement claim was not before it. The problem with this, of course, is that the newly raised second-prong theory involves factual assertions, such as how prosecutors supposedly abused their authority, and the district court had no opportunity to evaluate those facts. This presents the preservation concern.

Our general preservation rule prevents asserting a new legal theory for the first time on appeal, even though it is a prudential rule and not a jurisdictional requirement. *State v. Frye*, 294 Kan. 364, Syl. ¶ 2, 277 P.3d 1091 (2012). And in her appellate brief, A.B. does not explain why her second-prong argument fits an exception to the general preservation rule. See *State v. Gonzalez*, 311 Kan. 281, 295, 460 P.3d 348 (2020) (listing the three exceptions). We also note A.B. makes no effort in her briefing to comply with Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 35) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court."). We hold the second-prong theory is not properly preserved. A.B. focused on the first prong in the district court, and there is no basis to discern the court relied on anything else when declaring K.S.A. 2020 Supp. 21-5506(b)(1) unconstitutionally vague.

Concentrating on A.B.'s first-prong argument, we begin with the statute. K.S.A. 2020 Supp. 21-5506(b)(1) provides: "Aggravated indecent liberties with a child is . . . [s]exual intercourse with a child who is 14 or more years of age but less than 16 years of age." A.B. does not challenge any particular term or phrase that she believes makes the statute unconstitutionally vague. Her rationale is simply "[*i*]*f* the legislature intended [for] the older child being prosecuted for engaging in sexual intercourse with a consenting, younger child, then it has failed to clearly state that directive in the statute." (Emphasis added.) In her view, "[t]he statute is vague as to whether the legislature intended on protecting the older child participant, the younger child participant, both or neither."

7

The State disagrees for two reasons. First, it argues K.S.A. 2020 Supp. 21-5506 in its entirety "is filled with age restrictions." It notes the statute as a whole "clearly divides all people into four categories," i.e., those under the age of 14, those 14 or 15, those 16 or 17, and those over 18. And from this, the State declares, it is "one of the most descriptive statutes in the Kansas statutory scheme as to the issue of age," so it cannot be viewed as vague. Second, it claims the statute is so clear that the State failed to find any case in which K.S.A. 2020 Supp. 21-5506 was challenged as vague.

Neither argument by the State is convincing. The first is not on point because A.B. challenges only subsection (b)(1), which simply states aggravated indecent liberties with a child is: " Sexual intercourse with a child who is 14 or more years of age but less than 16 years of age." And the second is unpersuasive because the fact a law has not yet been attacked has no bearing on its constitutional validity.

But A.B.'s arguments fail all the same. K.S.A. 2020 Supp. 21-5506(b)(1) is not vague under her stated rationale. It gives adequate warning of the proscribed conduct, i.e., it is a crime to have sexual intercourse with a child who is 14 or 15. And it provides a person of ordinary intelligence fair notice about what is prohibited. A.B. simply asks us to speculate that the Legislature intended not to prosecute a younger child for engaging in voluntary sexual intercourse with a slightly older child under K.S.A. 2020 Supp. 21-5506(b)(1) and then argues with that viewpoint. This ignores our well-established law: "'When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it.'" *State v. Pulliam*, 308 Kan. 1354, 1364, 430 P.3d 39 (2018).

A.B.'s contention is necessarily premised on a supposition that "[the] statute was never intended to encompass [a younger juvenile, like A.B.]." And she offers no authority to show why this conjecture might be sound despite a lack of supporting authority. This is

8

akin to failing to meet the high burden needed to show why this statute is unconstitutionally vague. See *State v. Gibson*, 299 Kan. 207, 222, 322 P.3d 389 (2014) (simply pressing point is not enough); *State v. Armstrong*, 276 Kan. 819, 821-22, 80 P.3d 378 (2003) (statute's constitutionality is presumed, and party challenging a statute's constitutionality bears "high burden").

Similarly, A.B.'s failure to point out any statutory term or phrase rendering subsection (b)(1) impermissibly vague presents another critical shortcoming. See, e.g., *Johnson v. United States*, 576 U.S. 591, 593, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (the residual clause "any felony that 'involves conduct that presents a serious potential risk of physical injury to another'" in the Armed Career Criminal Act was challenged as vague); *Harris*, 311 Kan. at 824 (the statutory phrase "any other dangerous or deadly cutting instrument of like character" in K.S.A. 2019 Supp. 21-6304[c] was challenged as vague); *State v. Jenkins*, 311 Kan. 39, 51-52, 455 P.3d 779 (2020) (the term "moving violations" used in the felony fleeing and eluding statute was challenged as vague); *State v. Williams*, 308 Kan. 1439, 1459, 430 P.3d 448 (2018) (the phrase "can be inflicted" in the aggravated battery statute, K.S.A. 2011 Supp. 21-5413[b][1][B], was challenged as vague); *State v. Gonzalez*, 307 Kan. 575, 580, 412 P.3d 968 (2018) (the statutory phrase "under circumstances manifesting extreme indifference to the value of human life" was challenged as vague); *Bollinger*, 302 Kan. at 317-18 (the term "any interest" in the arson statute was challenged as vague).

We hold K.S.A. 2020 Supp. 21-5506(b)(1) provides adequate warning in A.B.'s case. It is not unconstitutionally vague on that basis.

*A.B.'s overbreadth claim*

A party challenging a statute as overbroad bears the burden to establish: (1) constitutionally protected activity is a significant part of the statute's target, and (2) there is no satisfactory method to sever the statute's constitutional applications from its unconstitutional applications. *State v. Boettger*, 310 Kan. 800, 804, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020). See generally *United States v. Sineneng-Smith*, 590 U.S. __, 140 S. Ct. 1575, 1585, 206 L. Ed. 2d 866 (2020) (Thomas, J., concurring) ("In fact, it appears that the Court's void-for-overbreadth rule developed as a result of the vagueness doctrine's application in the First Amendment context."); *State v. Hughes*, 246 Kan. 607, 616, 792 P.2d 1023 (1990) ("Nevertheless, the overbreadth doctrine has been applied by the United States Supreme Court where the operation of a statute infringes on freedoms guaranteed by the Bill of Rights, where those freedoms involve *privacy rights* and medical matters." [Emphasis added.]).

A.B. premises this argument on her assertion that sexual intercourse between 14- or 15-year-old minors is a constitutionally protected activity and a significant part of the statute's target. Again, we rely on A.B.'s rationale to decide this issue. We hold she fails to meet either prong of the test.

As to the first prong, A.B. initially argued in the district court that "[s]exual intercourse is certainly a protected activity in any person's right to privacy," and so the statute "is *designed to infringe on the right of privacy of young teenagers* by preventing them from engaging in consensual sexual intercourse." (Emphasis added.) But during the motion hearing, she shifted positions to claim the statute encompasses "her committing an offense that *was not the intent of the legislature*." (Emphasis added.) These two views are confusing at best, but ineffective regardless. A.B. fails to show her conduct was constitutionally protected.

10

In *Lawrence v. Texas*, 539 U.S. 558, 578, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003), the United States Supreme Court held "*adults* who, with full and mutual consent from each other, engaged in sexual practices common to a homosexual lifestyle . . . are entitled to respect for their private lives." (Emphasis added). And the Court held state government cannot "mak[e] their private sexual conduct a crime. Their right to liberty under the Due Process Clause gives them the full right to engage in their conduct without intervention of the government." 539 U.S. at 578. But while "the right to privacy in connection with decisions affecting procreation extends to minors as well as to adults," that alone does not support A.B.'s premise that younger teenagers' sexual intercourse with their close-in-age mates is constitutionally protected. See *Carey v. Population Servs., Int'l*, 431 U.S. 678, 693, 97 S. Ct. 2010, 52 L. Ed. 2d 675 (1977). And in *Limon*, 280 Kan. at 296, this court noted "[u]ndoubtedly, the State has broad powers to protect minors. . . . '[I]n the area of sexual mores, as in other areas, *the scope of permissible state regulation is broader as to minors than as to adults*.'" (Emphasis added.)

A.B. mentions *Aid for Women v. Foulston*, 427 F. Supp. 2d 1093 (D. Kan. 2006), as supporting her argument, but it is unclear why. In that case, the United States District Court for the District of Kansas held the mandatory reporting statute, K.S.A. 38-1522, did not make all underage sexual activity inherently injurious, so treating all sexual activity with a minor as injurious violated a minor's limited right of informational privacy "concerning consensual sexual activity with an age-mate." 427 F. Supp. 2d at 1105. The Tenth Circuit Court, however, vacated and remanded the district court decision with instructions to dismiss the case as moot after K.S.A. 38-1522 was repealed while the case was pending. *Aid for Women v. Foulston*, No. 06-3187, 2007 WL 6787808, at *1 (10th Cir. 2007).

11

*Aid for Women* might mean that minors under 16 have some privacy right in information concerning their voluntary sexual activity with an age mate, but its connection to A.B.'s case is elusive because K.S.A. 2020 Supp. 21-5506(b)(1) is not a reporting statute. Even so, A.B. contends that since the Legislature repealed the statute at issue in *Aid for Women*, and replaced it with K.S.A. 2020 Supp. 38-2223, "[t]he Legislature has recognized that not all sexual activity between children is harmful or illegal." But A.B. does not explain how that helps her overbreadth argument, and we see little connection to the issue at hand.

Finally, A.B. references a scattering of other Kansas, federal, and other state cases, but does not explain why they support her claim that minors who are 14 or 15 have a constitutional right to sexual intercourse with their age mates. See, e.g., *Bellotti v. Baird*, 443 U.S. 622, 99 S. Ct. 3035, 61 L. Ed. 2d 797 (1979) (minors' abortion right under federal Constitution); *Hodes & Nauser, MDs v. Schmidt*, 309 Kan. 610, 440 P.3d 461 (2019) (women's abortion right under Kansas Constitution); *Planned Parenthood Affiliates v. Van de Kamp*, 181 Cal. App. 3d 245, 226 Cal. Rptr. 361 (1986) (statutory duty to report sexual activity of minors under 14); *B.B. v. State*, 659 So. 2d 256 (Fla. 1995) (privacy right of minors who are 16 under Florida Constitution). Given their dubious connection to her case and the lack of explanation, we hold A.B. does not carry her burden on this issue.

K.S.A. 2020 Supp. 21-5506(b)(1) is not unconstitutionally overbroad based on A.B.'s stated grounds.

*A.B.'s as-applied equal protection claim*

The district court's determination that K.S.A. 2020 Supp. 21-5506(b)(1)'s application to A.B. violates the Equal Protection Clause is obviously premised on *E.R.*

12

The court observed: "[T]he last thing we want is to have our judicial system appear to be unfair, [and] treat people unequally, in violation of their equal protection rights." In other words, T.C. got the "benefit" of the less severe Romeo and Juliet law, K.S.A. 2020 Supp. 21-5507, but A.B. cannot because the Court of Appeals decision limits its application to the older participant involved in juvenile sexual relations.

Our three-step equal protection analysis is well known.

"[1] When the constitutionality of a statute is challenged on the basis of an equal protection violation, the first step of analysis is to determine the nature of the legislative classifications and whether the classifications result in arguably indistinguishable classes of individuals being treated differently. . . . [2] After determining the nature of the legislative classifications, a court examines the rights which are affected by the classifications. The nature of the rights dictates the level of scrutiny to be applied—either strict scrutiny, intermediate scrutiny, or the deferential scrutiny of the rational basis test. [3] The final step of the analysis requires determining whether the relationship between the classifications and the object desired to be obtained withstands the applicable level of scrutiny.

"In regard to the first step . . . an individual complaining of an equal protection violation has the burden to demonstrate that he or she is 'similarly situated' to other individuals who are being treated differently [by the Legislature.] [Citations omitted.]" *State v. Salas*, 289 Kan. 245, 248-49, 210 P.3d 635 (2009).

We need go no further than the first step because A.B.'s argument cannot support an equal protection violation unless its underlying catalyst is valid, i.e., the Court of Appeals correctly decided *E.R.* because the age differential that court read into the Romeo and Juliet law creates the classification A.B. now challenges. "The function of the Equal Protection Clause . . . is simply to measure the validity of classifications created by state laws." *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 59, 93 S. Ct. 1278,

13

1310, 36 L. Ed. 2d 16 (1973) (Stewart, J., concurring). It follows, then, that if K.S.A. 2020 Supp. 21-5507 does not make that distinction, the equal protection claim premised on an age classification must fail.

It helps to understand the interplay between K.S.A. 2020 Supp. 21-5506(b)(1) and K.S.A. 2020 Supp. 21-5507. When a person commits a crime prohibited by K.S.A. 2020 Supp. 21-5506(b)(1) ("Aggravated indecent liberties with a child is . . . [s]exual intercourse with a child who is 14 or more years of age but less than 16 years of age."), and meets certain additional elements listed in K.S.A. 2020 Supp. 21-5507, that person is subject to the latter statute. See *State v. Kinder*, 307 Kan. 237, 241, 408 P.3d 114 (2018) ("When a conflict exists between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of that subject, the specific statute controls, unless it appears that the legislature intended to make the general act controlling."); *State v. Campbell*, 279 Kan. 1, 12, 106 P.3d 1129 (2005) ("'A statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is specific.'"). The additional elements relevant here are highlighted below:

"(a) Unlawful voluntary sexual relations is:

(1) Engaging in any of the following acts with a child who is 14 or more years of age but less than 16 years of age:

(A) Voluntary sexual intercourse;

. . . .

(2) *when the offender is less than 19 years of age;*

14

(3) *when the offender is less than four years of age older than the child*; [and]

(4) *when the child and the offender are the only parties involved*." K.S.A. 2020 Supp. 21-5507.

In *E.R.*, a 12-year-old boy was adjudicated under the then-current Romeo and Juliet law for his conduct with a 14-year-old girl. The State claimed the boy was properly charged because he was necessarily less than four years older than the girl. On appeal, the panel was asked to interpret the statutory language that "'the offender is . . . *less than four years of age older* than the child.'" This is basically the same language relevant in A.B.'s case. *E.R.*, 40 Kan. App. 2d at 987; K.S.A. 21-3522(a) (K.S.A. 2020 Supp. 21-5507's precursor). The panel held: "We do not believe our legislators . . . meant anything other than *older* when they characterized the offender as being '*older than the child*.' The offender could be 1 day older than the child, 1 year older, and even 3 years and 364 days older." 40 Kan. App. 2d at 988. It then concluded the offender must be "under age 19 and *older* than the child by some period less than 4 years" to be subject to the statute. 40 Kan. App. 2d at 988. In other words, the statute could not apply to the younger participant.

But the panel's reading creates an absurd result by exposing the younger participant to liability only for a more serious offense—as happened to A.B. We see no rational or reasonable basis why the Legislature would desire that outcome by creating an age classification with a more severe punishment for this particular conduct, and the statutory language does not dictate that outcome.

When interpreting a statute, a court first attempts to discern legislative intent through the statutory language, giving common words their ordinary meanings. The court gives effect to the statute's express language, rather than determining what the law should be, when that language is plain and unambiguous. And courts will not speculate about

15

legislative intent and will not read the statute to add something not readily found in it. *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019). The *E.R.* panel did not follow these well-established statutory interpretation rules.

The statute's text is clear that "the offender is less than four years of age older than the child," not "older than the child by some period less than 4 years." The *E.R.* panel improperly delved into a guessing game about legislative intent and ended up adding something not readily found in the statute, i.e., an extra element that the offender must always be "*older* than the child by some period less than 4 years." 40 Kan. App. 2d at 988. We overrule *E.R.* because it incorrectly interprets the Romeo and Juliet law, K.S.A. 2020 Supp. 21-5507, to require the offender to be older than the other juvenile. The statute imposes no such limitation.

By overruling *E.R.*, it is unnecessary to continue with A.B.'s equal protection claim. The interplay of the two statutes creates no legislative classifications that "result in arguably indistinguishable classes of individuals being treated differently." *Salas*, 289 Kan. at 248.

Reversed and remanded.

* * *

STEGALL, J., concurring:  I write separately because the majority continues to state the now-shaky "clear error" or "presumption of constitutionality" standard of review for constitutional questions. See slip op. at 5. A majority of this court has already rejected the presumption of constitutionality in cases implicating purportedly "fundamental interests." See *Hodes & Nauser, MDs v. Schmidt*, 309 Kan. 610, Syl. ¶ 20, 440 P.3d 461 (2019) ("In a case involving a suspect classification or fundamental interest, the courts peel away the

16

protective presumption of constitutionality and adopt an attitude of active and critical analysis, subjecting the classification to strict scrutiny."). Is today's majority suggesting the right not to be convicted under a vague law is a second-class right? What about the right to equal protection under the law?

For myself, I have previously stated that "I cannot agree with the proposition that we ought to exercise different standards of review depending on which part of the Constitution we are interpreting or enforcing." *Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 1155, 442 P.3d 509 (2019) (Stegall, J., concurring in part). In *Hilburn*, I wrote that rejecting the presumption of constitutionality for only "fundamental interests" would create a series of second-class rights and that, therefore, *Hodes* did not go "far enough" in repudiating the presumption. *Hilburn*, 309 Kan. at 1154-55 (Stegall, J., concurring in part). For the reasons set forth in my concurring opinion in *Hilburn*, I would not apply the presumption of constitutionality in any case.

I concur with today's outcome and fully join the rest of the majority opinion because even under a less deferential standard of review, the outcome and reasoning remain unchanged.

WALL, J., joins the foregoing concurrence.