NOT DESIGNATED FOR PUBLICATION

No. 127,582

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL A. SWINNEY,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed February 27, 2026. Conviction affirmed and sentence vacated in part.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before SCHROEDER, P.J., MALONE and GARDNER, JJ.


PER CURIAM: Michael A. Swinney appeals his conviction of criminal possession of a weapon by a convicted felon. He contends that the criminal possession of a firearm statute is facially unconstitutionally vague and that the district court erred in its restitution order. After review, we affirm his conviction but agree that we must vacate the restitution order.

1

FACTS

In March 2021, Swinney shot Jacob Kalese during a confrontation between himself, Kalese, and others, killing Kalese. The State charged Swinney with intentional second-degree murder, under K.S.A. 21-5403(a)(1), and criminal possession of a firearm by a convicted felon, under K.S.A. 2020 Supp. 21-6304(a)(1).

Before trial, Swinney entered this stipulation related to his criminal possession of a weapon charge:

"1. Defendant has been convicted of Criminal Discharge of a Firearm, a person felony, pursuant to K.S.A. 21-6308(a)(1)(A) that prevented him from possessing a weapon on or about March 3, 2021.

"2. Defendant further stipulates he was found to be in possession of a firearm at the time of the Criminal Discharge of a Firearm, on the 21st day of May 2013, in the Eighteenth Judicial District Court, under Case No. 12CR0909."

Swinney waived his right to a jury trial on those elements.

During a 3-day jury trial in September 2023, 24 witnesses testified, including Swinney, who testified in his own defense. He admitted shooting Kalese but claimed that he did so unintentionally while trying to stop Kalese from shooting him. The jury convicted Swinney of the criminal possession of a weapon charge but acquitted him of second-degree murder.

Before sentencing, the parties told the district court that they did not need an evidentiary hearing on the restitution amount. Consistently, at sentencing, Swinney's counsel told the district court that he was not objecting to restitution. And Swinney personally addressed the district court, saying that he had told his counsel he did not want her to argue against restitution because he accepted responsibility for it. So the district

2

court ordered restitution in the amount proposed in the presentence investigation report to be paid to Kalese's mother, who had suffered the financial loss. The district court then sentenced Swinney to 23 months' imprisonment, followed by 12 months of postrelease supervision.

Swinney timely appeals.

ANALYSIS

*Is the criminal possession of a weapon by a convicted felon statute facially unconstitutional due to vagueness?*

Swinney first contends that K.S.A. 21-6304(a)(1) is unconstitutionally vague. To sustain a conviction for criminal possession of a weapon by a convicted felon, the State must prove that a defendant has been convicted of an enumerated felony and "was found to have been in possession of a firearm at the time of the commission of the crime." K.S.A. 2020 Supp. 21-6304(a)(1). Swinney argues for the first time on appeal that this statute is facially unconstitutional due to vagueness because both the prohibited conduct and "who" must find the defendant possessed the weapon are unclear:

> "The 'who' is unknowable, or the 'who' is anybody. If the 'who' is unknowable, then the statute is vague because ordinary people would not know when they are violating the law. If the 'who' is anybody, then the statute is vague because the Legislature gave far too much discretion to government actors to enforce the law on an ad hoc and subjective basis. Either way, K.S.A. 2020 Supp. 21-6304(a)(1) is facially unconstitutional due to vagueness, and this Court must invalidate it."

In response, the State argues Swinney lacks standing to make this argument because his stipulation expressly admitted that he possessed a firearm at the time of the commission of the crime, and under Kansas Supreme Court precedent, a claim that a statute is unconstitutionally vague cannot succeed where the defendant concedes that his

3

or her conduct fell under the challenged statute. Alternatively, the State argues that even if Swinney has standing, his claim of unconstitutionality for vagueness fails on the merits because the statutory language is simple and clear and a reasonable person would be able to understand the statute's meaning.

*Preservation*

We must first address preservation because Swinney concedes that he did not raise this issue below. Generally, issues not raised before the district court, even constitutional challenges, cannot be raised on appeal. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022); *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022).

Yet several exceptions may apply to the general rule that a new legal theory may not be asserted for the first time on appeal. Swinney asserts two of them:

> "'(1) [T]he newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; [and,] (2) the claim's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights. . . .'" *State v. Gutierrez-Fuentes*, 315 Kan. 341, 347, 508 P.3d 378 (2022).

We agree to apply these exceptions and consider this issue for the first time on appeal, as other courts have done. See *State v. Jenkins*, 311 Kan. 39, 52, 455 P.3d 779 (2020) (addressing defendant's vagueness challenge for first time on appeal because consideration of theory necessary to serve ends of justice or prevent denial of fundamental rights); *State v. Hinnenkamp*, 57 Kan. App. 2d 1, 5, 446 P.3d 1103 (2019) (addressing facial challenge to constitutionality of statute for first time on appeal because it involved question of law on proved or admitted facts and was finally determinative of case). See also *State v. Green*, 320 Kan. 539, 545-46, 570 P.3d 1189 (2025) (applying

4

both exceptions to a challenge of statute for first time on appeal based on constitutional vagueness).

*Standing*

We must next consider the State's assertion that Swinney lacks standing to make this argument.

> "Courts cannot entertain just any challenge to a statute. The Kansas Constitution, through its implicit separation of powers, limits a court's exercise of judicial power to actual cases or controversies. *Gannon v. State*, 298 Kan. 1107, 1119, 319 P.3d 1196 (2014). And under this jurisdictional case-or-controversy requirement, parties must show (among other things) that they have standing—the "'right to make a legal claim'" before the court. 298 Kan. at 1121." *State v. Stubbs*, 320 Kan. 568, 574, 570 P.3d 1209 (2025).

"[I]f a person does not have standing to challenge an action or to request a particular type of relief, then 'there is no justiciable case or controversy' and the suit must be dismissed." *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 750, 189 P.3d 494 (2008) (quoting *Kansas Bar Ass'n v. Judges of the Third Judicial Dist.*, 270 Kan. 489, 490, 14 P.3d 1154 [2000]).

Under Kansas' two-part standing test, a party must demonstrate (1) he or she has suffered a cognizable injury and (2) a causal connection exists between the injury and the challenged conduct. A party establishes a cognizable injury (i.e., an injury in fact) when they suffer some actual or threatened injury as a result of the challenged conduct. *League of Women Voters of Kansas v. Schwab*, 317 Kan. 805, 813, 539 P.3d 1022 (2023).

Recently, the Kansas Supreme Court held in *Stubbs*, 320 Kan. at 584, that a defendant meets traditional standing requirements by alleging a conviction and imprisonment under an allegedly void statute. Additionally, when a defendant is asserting

5

an arbitrary enforcement challenge to a statute they have been convicted under, as Swinney does, "they necessarily present a facial challenge and assert their own injury." 320 Kan. at 584.

Because Swinney was convicted of criminal possession of a weapon and sentenced to prison, he meets the standing requirements under the principles set forth in *Stubbs* and thus has standing to bring this challenge to K.S.A. 2020 Supp. 21-6304(a)(1).

*Merits*

Swinney contends that the statute fails to give ordinary people fair notice of the conduct it punishes, and that the statute is so standardless that it invites arbitrary enforcement.

There are two types of vagueness challenges. See *Johnson v. United States*, 576 U.S. 591, 595, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). The first type of vagueness challenge is grounded in the Fourteenth Amendment to the United States Constitution. *State v. Harris*, 311 Kan. 816, 821, 467 P.3d 504 (2020). The second type of vagueness challenge stems from the constitutional mandate requiring the separation of powers. 311 Kan. at 821-22. Vague laws "undermine the Constitution's separation of powers and the democratic self-governance it aims to protect" because, instead of the legislature providing sufficiently defined laws, the legislature codified vague laws that "hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws [by which] they are expected to abide*." United States v. Davis*, 588 U.S. 445, 451, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019).

*The statute gives ordinary people fair notice of the conduct it punishes.*

We first address the merits of Swinney's argument that K.S.A. 2020 Supp. 21-6304(a)(1)—the statute criminalizing criminal possession of a weapon by a convicted felon—is facially unconstitutional on the ground of vagueness. To sustain a conviction for criminal possession of a weapon by a convicted felon, the State must prove that a defendant has been convicted of an enumerated felony and "was found to have been in possession of a firearm at the time of the commission of the crime." 2020 Supp. K.S.A. 21-6304(a)(1). Swinney argues that the statute is vague because its language fails to give ordinary people notice of when they are violating the law.

We exercise unlimited review over whether a statute is constitutional. *Harris*, 311 Kan. at 821. A statute is unconstitutionally vague when it fails to give adequate warning or notice of the proscribed conduct. A statute may also be unconstitutionally vague if it fails to protect against arbitrary enforcement. *In re A.B.*, 313 Kan. 135, 138, 484 P.3d 226 (2021); see also *Johnson*, 576 U.S. at 595. Swinney argues both vagueness flaws here.

In reviewing a statute, we presume that it is constitutional, and we must resolve all doubts in favor of a statute's validity. Put another way, an appellate court must interpret a statute in a way to uphold its constitutionality if there is any reasonable way to maintain the Legislature's intent. *Harris*, 311 Kan. at 828-29 (Biles, J., dissenting). As the party challenging the constitutionality of the statute, Swinney has the burden of overcoming the presumption of constitutionality. *State v. Gonzalez*, 307 Kan. 575, 579, 412 P.3d 968 (2018).

K.S.A. 2020 Supp. 21-6304(a)(1) provides: "Criminal possession of a weapon by a convicted felon is possession of any weapon by a person who . . . [h]as been convicted of a person felony . . . and was found to have been in possession of a firearm at the time of the commission of the crime." The plain language of K.S.A. 2020 Supp. 21-6304(a)(1)

7

requires the State to prove that Swinney possessed a weapon after being convicted of a person felony, and Swinney was found to have possessed a weapon at the time he committed his prior crime. Swinney stipulated that he had previously been convicted of a person felony—criminal discharge of a firearm under K.S.A. 21-6308(a)(1)(A). Swinney also conceded that he was found to be in possession of a firearm at the time of his prior commission of criminal discharge of a firearm. But Swinney argues that the phrase "was found to have been in possession of a firearm at the time of the commission of the crime" is unconstitutionally vague because it does not specify "who" must find that he possessed a firearm at the time of the commission of the prior crime.

As Swinney notes, after he was arrested, the Legislature changed the relevant clause of the statute from this: "was found to have been in possession of a firearm at the time of the commission of the crime" to this: "was found by the convicting court to have used a firearm in the commission of the crime." L. 2021, ch. 94, § 4. It now specifies the actor who must find that the defendant possessed a firearm when he or she committed the prior crime. The 2021 statute may not apply to Swinney, however, as criminal statutes and penalties in effect at the time of a criminal offense are generally controlling, *State v. Denney*, 278 Kan. 643, 646, 101 P.3d 1257 (2004), and Swinney committed his crime before this 2021 statute was enacted. The parties have not addressed retroactivity of this statute, and we find it unnecessary to decide that issue now. But even though the 2021 statute does not state that it was intended to be retroactive, it may well be a clarifying amendment, which is retroactive. *In re Care & Treatment of Hunt*, 32 Kan. App. 2d 344, 360, 82 P.3d 861 (2004) (remedial amendment clarifies existing law rather than substantially changing the law). If so, the new language would apply to Swinney, defeating his claim of vagueness.

We apply the pre-2021 amendment language here, giving Swinney the benefit of the doubt. But the fact that the Legislature later changed statutory language does not compel the conclusion that the prior language was void for vagueness. A statute will not

8

be "declared void for vagueness and uncertainty where it employs words commonly used, previously judicially defined, or having a settled meaning in law." *City of Wichita v. Hackett*, 275 Kan. 848, 853-54, 69 P.3d 621 (2003). Moreover, we construe statutes to avoid unreasonable or absurd results and presume the Legislature does not intend to enact meaningless legislation. *State v. Smith*, 311 Kan. 109, 114, 456 P.3d 1004 (2020).

Due process requires a statute to

"'convey[ ] a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice.' '[T]he determinative question' when statutes are challenged as void for vagueness is "'whether a person of ordinary intelligence understands what conduct is prohibited by" the statutory language at issue.' [Citations omitted.]" *Jenkins*, 311 Kan. at 53.

The test for vagueness is based on a "'commonsense determination of fundamental fairness.'" *State v. Richardson*, 289 Kan. 118, 124, 209 P.3d 696 (2009).

K.S.A. 2020 Supp. 21-6304 provides a rubric to prohibit all felons from possessing a weapon following their convictions. That prohibition is axiomatic with the felon's prior felony conviction and is communicated at sentencing. Depending on the type or types of prior felonies, the prohibition can last for life under K.S.A. 2020 Supp. 21-6304(a)(1), for 5 years under K.S.A. 2020 Supp. 21-6304(a)(2), or for 10 years under K.S.A. 2020 Supp. 21-6304(a)(3). Swinney was subject to the lifetime prohibition under K.S.A. 2020 Supp. 21-6304(a)(1).

Based on the plain language of K.S.A. 2020 Supp. 21-6304(a)(1), we find that the statute gives fair warning to a person of ordinary intelligence as to what conduct our Legislature intended to prohibit. As a felon previously convicted of criminal discharge of a firearm while in possession of a firearm, a reasonable person in Swinney's position would know that he was prohibited from possessing a weapon for the rest of his life. The

9

statutory language conveys to persons of ordinary intelligence that they cannot legally possess a firearm because they were previously convicted of a person felony with a firearm. Applying the strong presumption of constitutionality that Kansas law requires, we conclude that the language of K.S.A. 2020 Supp. 21-6304(a)(1) conveys a sufficiently definite warning as to the prohibited conduct. See *State v. Houze*, No. 125,630, 2025 WL 3250994, at *2-3 (Kan. App. 2025) (unpublished opinion), *petition for rev. filed* December 1, 2025.

*The statute does not invite arbitrary enforcement.*

We next address Swinney's argument that the statute is subject to arbitrary enforcement. In Kansas, laws must not provide an "'impermissibl[e] delegat[ion]' of 'basic policy matters' by the legislative branch to 'policemen, judges, and juries for resolution on an *ad hoc* and subjective basis.'" *Harris*, 311 Kan. at 821 (finding residual clause "or any other dangerous or deadly cutting instrument of like character" in K.S.A. 2019 Supp. 21-6304 unconstitutionally vague because it failed to provide an explicit and objective standard of enforcement). Individuals should be protected from the arbitrary enforcement of statutes because criminal convictions result in the loss of personal liberty in the form of criminal punishment. 311 Kan. at 821.

Swinney also argues that the phrase—"was found to have been in possession of a firearm at the time of the commission of the crime"—leaves it open for the police, prosecutors, judges, and other government actors to arbitrarily decide "who" found the defendant to be in possession of a firearm at the time of the commission of the crime on a subjective basis. In determining whether the language of a statute allows for arbitrary or discriminatory enforcement, our focus is on whether those enforcing the law "can discern what the law prohibits in the first place." *Stubbs*, 320 Kan. at 585.

10

As discussed above, K.S.A. 2020 Supp. 21-6304(a)(1) requires the State to prove beyond a reasonable doubt that a defendant who had been convicted of a person felony, was found in possession of a weapon, and had been found in possession of a firearm at the time the prior crime was committed. So under the plain language of the statute, to sustain a conviction under K.S.A. 2020 Supp. 21-6304(a)(1), the State must prove that a defendant had a previous conviction and was found to be in possession of a firearm during the crime that led to the previous conviction. A reading of the statute reveals the "who" is the factfinder during the trial, and possession is proved by the admission of evidence at trial. As applied here, the convicting court found, based on Swinney's stipulation, that Swinney possessed a firearm at the time he committed his previous crime.

As a result, we find that the statutory language adequately sets forth what is required to be proven for a defendant to be convicted of criminal possession of a weapon by a felon. Swinney does not convincingly show a risk of a government actor arbitrarily enforcing K.S.A. 2020 Supp. 21-6304(a)(1). Rather, we hold that whether a defendant was previously convicted of a crime during which he or she possessed a firearm is a straightforward question for the finder of fact, whether a judge or jury. Consequently, based on the plain language of the statute, we conclude that the statute is not subject to arbitrary enforcement. See *Houze*, 2025 WL 3250994, at *3. Accordingly, K.S.A. 2020 Supp. 21-6304(a)(1) is constitutional, and we affirm Swinney's conviction.

*Did the district court err in its order of restitution?*

Swinney next argues that the district court erred by ordering him to pay $7,366.36 in restitution for his conviction of criminal possession of a weapon by a convicted felon. Swinney notes that he was acquitted of murdering Kalese, yet the restitution damages were allegedly for Kalese's medical expenses, paid by Kalese's mother. Swinney claims

11

that this order was illegal because no causal link exists between his conviction and the ordered restitution damages.

The State responds that we cannot consider this issue because (1) Swinney invited the error by agreeing to pay the ordered amount at sentencing and (2) Swinney raises this issue for the first time on appeal. Alternatively, the State argues that Swinney's claim fails on the merits because it is more likely than not that, but for Swinney's criminal possession of the firearm, Kalese would not have been fatally shot.

*Preservation*

Generally, as we discussed above, issues not raised before the district court cannot be raised on appeal. *Green*, 315 Kan. at 182. But the legality of a sentence can be raised at any time while the defendant is serving the sentence, even for the first time on appeal. K.S.A. 22-3504(a). And ordered restitution is part of a defendant's sentence. K.S.A. 21-6604(b)(1); *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019) ("Restitution is part of a sentence."). So we can consider this issue on appeal even though Swinney did not raise it below. We choose to do so here.

*Invited Error*

As the State contends, a litigant generally may not invite an error and then complain of the error on appeal. *State v. Slusser*, 317 Kan. 174, 179, 527 P.3d 565 (2023). And Swinney stated he wanted to pay this amount of restitution as a symbol of acceptance of responsibility. But a defendant cannot agree to an illegal sentence. See *State v. Hankins*, 304 Kan. 226, 231, 372 P.3d 1124 (2016); *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018) (holding an illegal sentence may be corrected regardless of whether one or more parties may have had a hand in arriving at the illegality). And

12

ordered restitution is part of a defendant's sentence. Accordingly, the invited error doctrine does not apply.

*Standard of Review*

We thus address the merits of this issue. We review the amount of restitution ordered for an abuse of discretion. *State v. Union*, 319 Kan. 214, 219, 553 P.3d 320 (2024). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025).

"Generally, '"[a] district court's factual findings relating to the causal link between the crime committed and the victim's loss"' are reviewed for substantial competent evidence." *State v. Arnett*, 307 Kan. 648, 653, 413 P.3d 787 (2018). "'Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion.'" *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015) (quoting *State v. Bird*, 298 Kan. 393, 399, 312 P.3d 1265 [2013]).

*Merits*

K.S.A. 21-6604(b)(1) provides that "the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime." "Substantial competent evidence must support every restitution award." *Smith*, 317 Kan. at 139. Swinney argues that substantial competent evidence does not support the restitution order because no causal connection exists between Swinney's crime of conviction (criminal possession of a weapon) and the ordered restitution (payment of alleged medical expenses for Kalese, whom Swinney shot). For the purposes of restitution, "'the causal link between a defendant's crime and the restitution damages

13

for which the defendant is held liable must satisfy the traditional elements of proximate cause: cause-in-fact and legal causation.'" *Union*, 319 Kan. at 220. Cause-in-fact "'requires proof that it is more likely than not that, but for the defendant's conduct, the result would not have occurred.'" 319 Kan. at 220.

Here, the mere possession of a weapon cannot be the cause-in-fact of any harm to Kalese. Swinney's illegal possession of the firearm caused no harm to Kalese; it was the discharge of the firearm that caused the harm. Had Swinney's crime of conviction been associated with the firing of the firearm, such as criminal discharge of a firearm or involuntary manslaughter, our analysis would be different. Compare K.S.A. 21-6308 and K.S.A. 21-5405 with K.S.A. 21-6304. But possessing an item is not the same as discharging an item. See Webster's New World College Dictionary 418, 1139 (5th ed. 2018) (defining "discharge" as to release the charge of (a gun); fire" and "possess" as "to hold as property"). It was the discharge of the weapon that caused Kalese's harm.

True, causation can be found when the crime of conviction causes cascading effects. See, e.g., *Arnett*, 307 Kan. at 652-56 (finding property loss from thefts, damage to a home caused by the burglary, and a homeowner's out of pocket expenses were causally related to the crime of conspiracy to commit burglary, even though the defendant did not personally commit the burglary but loaned the burglars her mother's vehicle to commit the crime); *State v. Wills*, No. 122,493, 2021 WL 5143798, at *2-5 (Kan. App. 2021) (unpublished opinion) (finding victims' lost wages for part-time jobs, costs associated with hypnosis and therapy appointments, and expended sick and vacation leave were causally related to the crimes of aggravated sexual battery and aggravated domestic battery); *State v. Boyd*, No. 118,925, 2019 WL 2312875, at *11-12 (Kan. App. 2019) (unpublished opinion) (finding restitution order for a lost Pell Grant was permissible because the lost grant was caused by psychological effects of the sexual assault crimes of conviction).

14

But Swinney was acquitted of Kalese's murder, and the district court's restitution order provided no analysis of how Swinney's sole crime of conviction—possession of a firearm—could have been the cause-in-fact or the legal cause of Kalese's medical expenses. See *Union*, 319 Kan. at 222-23 (holding insufficient proof of causation that defendant's crime of conviction—mistreatment of a dependent adult—caused the nursing home bill to go unpaid); *State v. Hall*, 30 Kan. App. 2d 746, 750, 49 P.3d 19 (2002) (holding no cause-in-fact between defendant's conviction for aiding a felon and the restitution ordered for shooting victims' funeral, medical expenses, and property damage). The "loss [must] be caused by, not merely connected to, the crime of conviction." *State v. Dexter*, 276 Kan. 909, 918, 80 P.3d 1125 (2003). We must thus reject the State's invitation to find it more likely than not that, but for Swinney's criminal possession of the firearm, Kalese would not have been fatally shot. See *State v. Moody*, No. 119,322, 2019 WL 4724824, at *4 (Kan. App. 2019) (unpublished opinion) (by finding defendant the but-for cause of victim's death, the district court determined defendant was responsible for his death through restitution and not conviction, which was improper). Accordingly, we vacate the district court's restitution order but affirm Swinney's conviction.

Conviction affirmed and sentence vacated in part.